Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6847 | **DATE** | 6/18/2002 |
| **CASE TITLE** | APOLLO GALILEO USA PARTNERSHIP vs. KINGDOM VACATIONS, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's motion for partial summary judgment [12-1] is granted. Judgment is entered for plaintiff Apollo Galileo USA Partnership and against defendant Kingdom Vacations, Inc. on the issue of liability. The joint modified pretrial order on the issue of damages shall be presented on July 19, 2002 at 9:00 a.m. Plaintiff's draft shall be submitted to defendant by July 11, 2002. Bench trial is set on August 1, 2002 at 9:00 a.m. ENTER MEMORANDUM OPINION AND ORDER.

*/s/ Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JUN 2 0 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 26 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 6/19/2002 | |
| CB | courtroom deputy's initials | 02 JUN 19 PM 2:47 | date mailed notice PW | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| APOLLO GALILEO USA PARTNERSHIP, ) | | |
| ) | | |
| Plaintiff, ) | No. 01 C 6847 | |
| ) | | |
| v. ) | Suzanne B. Conlon, Judge | |
| ) | | |
| KINGDOM VACATIONS, INC., ) | | **DOCKETED** |
| ) | | |
| Defendant. ) | | JUN 2 0 2002 |

## MEMORANDUM OPINION AND ORDER

In this diversity action, Apollo Galileo USA Partnership ("Apollo") sues Kingdom Vacations, Inc. ("Kingdom") for breach of contract. Apollo moves for partial summary judgment on the issue of liability pursuant to Federal Rule of Civil Procedure 56.

### BACKGROUND

**I.    Local Rule 56.1**

Local Rule 56.1 requires litigants to follow a detailed procedure in filing and responding to summary judgment motions. In response to a motion for summary judgment, Local Rule 56.1 requires the non-moving party to submit a response "to each numbered paragraph in the moving party's statement [of material facts], including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." Local Rule 56.1(b)(3)(A). All relevant facts denied without supporting documentation must be accepted as true provided the facts are "properly supported by references to the record or other evidentiary material." *Jupiter Aluminum Corp. v. Home Ins. Co.*, 225 F.3d 868, 871 (7th Cir. 2000); *Stewart v. McGinnis*, 5 F.3d 1031, 1034 (7th Cir. 1993).

1

Kingdom's responses to several paragraphs of Apollo's statement of facts fail to cite record evidence supporting the denials. Specifically, Kingdom disputes paragraphs 1-2 and 4 by claiming insufficient knowledge and paragraphs 5-6, 9-11, 14 and 18-21 by claiming the contract speaks for itself. Absent any evidence supporting Kingdom's denials, Apollo's factual statements, if properly supported, are deemed admitted.

**II. Facts**

The following facts are undisputed. Apollo markets, distributes and services the Apollo Reservation and Ticketing Service ("the Apollo Service"). The Apollo Service provides information necessary to reserve and book flights, hotels and rental cars, generate tickets and provide other travel-related services. Kingdom entered into a contract with Apollo for the Apollo Service effective January 1, 2001. On May 10, 2001, Apollo and Kingdom executed an amendment to the contract whereby Apollo provided Kingdom with additional financial assistance. On May 30, 2001, Kingdom issued a press release stating it was ceasing business operations. On May 31, 2001, Kingdom ceased doing business. Around this time, Apollo received a copy of the press release. By letter dated June 6, 2001, Apollo terminated the contract.

## DISCUSSION

**I. Jurisdiction and Venue**

**A. Subject Matter Jurisdiction**

The court has an independent duty to determine whether subject matter jurisdiction exists before deciding the merits of a case. *Weaver v. Hollywood Casino-Aurora, Inc.*, 255 F.3d 379, 381 (7th Cir. 2001). Apollo is a Delaware general partnership with its principal place of business in Rosemont, Illinois. Apollo's partners are Apollo Galileo USA Sub I and Apollo Galileo USA Sub

II. Both partners are Delaware corporations with their principal places of business in Rosemont, Illinois. Kingdom is a Pennsylvania corporation with its principal place of business in Plains, Pennsylvania. Therefore, there is complete diversity between the parties.

In addition, the amount in controversy exceeds $75,000. If the amount in controversy is uncontested, the court must accept the plaintiff's representation unless it "appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Target Market Publishing, Inc. v. ADVO, Inc.*, 136 F.3d 1139, 1141-42 (7th Cir. 1998), *quoting St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). According to Kingdom, Apollo demanded $451,312.34 approximately three months prior to filing suit. Kingdom Facts ¶ 10, Ex. E. Kingdom has not made any payments to Apollo since the contract was terminated. Therefore, it does not appear to a legal certainty that Apollo's claim is less than $75,000. *See Hart v. Schering-Plough Corp.*, 253 F.3d 272, 273 (7th Cir. 2001)("The amount in controversy is whatever is required to satisfy the plaintiff's demand, in full, on the date suit begins").

### B.    Personal Jurisdiction and Venue

The court must resolve Kingdom's challenge to personal jurisdiction before reaching the merits of the case. *See Steel Co. v. Citizens for Better Environment*, 118 S.Ct. 1003, 1012 (1998)("Without jurisdiction the court cannot proceed at all in any cause"). In its response to Apollo's statement of facts as well as its answer to the amended complaint, Kingdom denied Apollo's allegations of personal jurisdiction and proper venue. The defenses of lack of personal jurisdiction and improper venue may be waived by "formal submission in a cause, or by submission through conduct." *Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1296 (7th Cir. 1993). Kingdom participated in this case without actively contesting personal jurisdiction or venue. Instead of filing

3

a motion to dismiss for lack of personal jurisdiction or improper venue, Kingdom filed an answer, appeared before the court, engaged in discovery and responded to the merits of Apollo's motion for summary judgment. Therefore, Kingdom waived any objection to personal jurisdiction or venue by submitting the dispute to this court for resolution.

## II. Apollo's Motion for Summary Judgment

### A. Standard of Review

Summary judgment may be rendered on the issue of liability where there is a genuine dispute as to the amount of damages. Fed. R. Civ. P. 56(c). Summary judgment is appropriate when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Id.*; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once a moving party has met its burden, the non-moving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### B. Breach of Contract

Apollo claims Kingdom breached the contract when it ceased business operations without providing adequate notice. In response, Kingdom claims the press release constituted adequate notice under Article 18 of the contract. Article 18 provides:

> In the event that [Kingdom] ceases business operations, [Kingdom] will request the deinstallation of all Services under this Agreement and advise [Apollo] of its intention to terminate this Agreement by providing [Apollo] at least 30 days' advance written notice. In such event, and provided that [Kingdom] meets all of the conditions specified in Article 18, each party shall be released from all further performance obligations under this Agreement.

4

Kingdom Facts ¶ 7, Ex. B. Contrary to Kingdom's position, the press release does not fulfill the conditions specified in Article 18. The press release did not provide Apollo with 30 days' advance written notice of Kingdom's intention to terminate the contract. Instead, the press release provided the public with one day's notice of Kingdom's intention to discontinue business operations. After receiving the press release, Apollo utilized Article 12 to terminate the contract for cause:

> [I]f a party ceases to do business or otherwise ceases or suspends operations for reasons other than an event of force majeure, then the other party may immediately terminate this Agreement on written notice or may require that certain conditions are met in order to avoid such termination . . .

Apollo Facts ¶ 18. Pursuant to the contract, Apollo is entitled to damages pursuant to Article 12. Apollo Facts ¶¶ 20-21.

### C. Kingdom's Affirmative Defenses to Liability

Without citing any authority, Kingdom claims three of its four affirmative defenses related to liability bar Apollo's claim.[1] Kingdom first claims Apollo's breach of contract claim is barred because Apollo waived the notice requirement in the termination letter. A party to a contract may waive its right to strict performance of the terms of the contract. *Lake County Grading Co. of Libertyville, Inc. v. Advance Mechanical Contractors, Inc.*, 275 Ill. App. 3d 452, 463, 654 N.E.2d 1109, 1118 (2d Dist. 1995). "The waiver doctrine is intended to prevent the waiving party from lulling another into a false belief that strict compliance with a contractual duty will not be required and then suing for non-compliance." *Id.* Nothing in the termination letter indicates Apollo intended

---

[1] Kingdom waived the affirmative defense of laches by failing to address it in response to Apollo's motion for summary judgment. *Ostergren v. Village of Oak Lawn*, 125 F.Supp.2d 312, 323 (N.D. Ill. 2000). In any event, Kingdom cannot establish that Apollo, who filed suit approximately three months after the contract was terminated, did not diligently enforce its rights under the contract. *Van Milligan v. Board of Fire & Police Commissioners*, 158 Ill.2d 85, 89, 630 N.E.2d 830, 833 (1994).

to release Kingdom from its obligations under the contract by waiving the notice requirement. To the contrary, the termination letter states, "[Kingdom's] early termination of the contract is deemed a breach of the Agreement, which entitles [Apollo] to seek damages and other amounts, as provided under the Agreement." Indeed, Apollo specifically informs Kingdom, "[y]ou will be contacted by [our] attorney regarding this matter." Under these circumstances, Apollo did not waive the notice requirement.

Kingdom relies on the termination letter in support of its estoppel defense. Estoppel applies where: (1) the estopped party has misrepresented a material fact; (2) the estopped party had either actual or implied knowledge that the representation was untrue at the time it was made; (3) the party asserting estoppel was unaware that the representation was untrue both at the time it was made and at the time it was acted upon; (4) the estopped party intended or expected the other party to act upon the misrepresentation; (5) the party asserting estoppel did rely or act upon the misrepresentation; and (6) the party asserting estoppel would be prejudiced if the court did not apply estoppel. *Lake County Grading Co.*, 275 Ill. App. 3d at 463, 654 N.E.2d at 1118-19. Kingdom has not offered evidence Apollo misrepresented a material fact that Kingdom relied upon to its detriment. Therefore, estoppel does not apply.

Finally, Kingdom claims the contract fails for lack of consideration because Apollo discontinued service after termination of the contract. Kingdom admitted in response to Apollo's statement of facts, as well as its answer to the amended complaint, that the contract is valid and enforceable. Kingdom Response at ¶ 12; Kingdom Answer at ¶ 21. "Judicial admissions are formal concessions in the pleadings. . . that are binding upon the party making them." *Help at Home, Inc. v. Medical Capital, L.L.C.*, 260 F.3d 748, 753 (7th Cir. 2001), *quoting Keller v. United States*, 58

6

F.3d 1194, 1198 n. 8 (7th Cir. 1995). Even if the court disregarded Kingdom's judicial admissions, the contract was supported by adequate consideration. "Any act or promise which is of benefit to one party or disadvantage to the other is a sufficient consideration to support a contract." *Doyle v. Holy Cross Hospital*, 186 Ill.2d 104, 112, 708 N.E.2d 1140, 1145 (1999). Apollo provided the Apollo Service to Kingdom in exchange for payment. Apollo's discontinuation of service upon termination of the contract may affect Apollo's damages, but it does not affect the validity of the contract.

## CONCLUSION

Kingdom fails to raise a genuine issue of material fact on the issue of liability. Apollo's motion for partial summary judgment is granted.

June 18, 2002

ENTER:

Suzanne B. Conlon
United States District Judge